UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHI PIX, | CASE NO. C14-0893JLR |
| Plaintiff, | ORDER REMANDING CASE TO STATE COURT |
| v. | |
| STEVE ALPER, et al., | |
| Defendants. | |

## I. INTRODUCTION

This matter comes before the court on a flurry of motions and other filings by the parties to this case. (*See* Dkt. ## 8, 9, 10, 11, 12, 17.) In short, the parties disagree as to whether this case should be in state court, federal court, or arbitration. Having considered the submissions of the parties, the balance of the record, and the relevant law, and no party having requested oral argument, the court GRANTS Plaintiff's motion to remand (Mot. (Dkt. # 9)) and STRIKES all other pending motions (Dkt. ## 8, 10, 12) as moot.

ORDER- 1

## II.     BACKGROUND

Plaintiff Michi PIX is a movie production company. (Compl. (Dkt. # 1-2) ¶ 2.1.) Michi PIX entered into a contract with Defendant Scrappy Dog Productions ("Scrappy Dog") to edit a film. (*Id.* ¶ 4.1; Ex. 1 ("Contract").) Defendants Steve Alper and Timothy Robinson were partners in Scrappy Dog who produced scripts, including the film at issue in this case. (*Id.* ¶¶ 2.2-2.4.) Over the course of editing the film, Michi PIX received conflicting instructions from the two partners, who increasingly disagreed over the creative direction the film should take. (*Id.* ¶¶ 4.5-4.5.) Michi PIX claims that it is still owed payment for the editing work it performed on the film. (*Id.* ¶¶ 4.6-4.7.) Moreover, Michi PIX claims that, as the partners' relationship soured, Michi PIX received and continues to receive conflicting instructions as to who owns the drives that contain the final version of the film. (*Id.* ¶ 4.8.) Accordingly, Michi PIX decided to retain possession of the drives until it received payment of the full amount it is owed for its editing work. (*Id.* ¶ 4.7.)

Last year, Mr. Alper filed an action in California state court against Maria Gargiulo, a principal of Michi PIX and the director of the film, seeking possession of the drives. (*Id.* ¶ 4.9, Ex. 3; *see also* Calif. Docs (Dkt. # 8-1).) In that action, Mr. Alper alleged sole ownership of the film even though he had previously represented that he and Mr. Robinson were co-owners of the project. (Compl. ¶¶ 4.10-11.) Ms. Gargiulo explained that the tapes were in the possession of Michi PIX, not her. (*See* Gargiulo Decl. (Dkt. # 18-1) at 3.) Because the contract between Michi PIX and Scrappy Dog requires that conflicts between those two parties be resolved by binding arbitration (*see*

ORDER- 2

1  Contract at 2), the California state court stayed Mr. Alper's action until arbitration
2  between Michi PIX and Scrappy Dog was complete.  (*Id.* ¶ 4.12, Ex. 5.)
3       Michi PIX then filed this action in interpleader against Scrappy Dog, Mr. Alper,
4  and Mr. Robinson in King County Superior Court, requesting a judicial determination of
5  (1) which defendant was entitled to possession of the drives and (2) with which party
6  Michi PIX should arbitrate to receive payment for its editing work.  (*Id.* ¶ 1.1.)  Mr. Alper
7  was served with the complaint on May 22, 2014.  (*See* Not. of Rem. (Dkt. # 1-1).)
8  Appearing pro se and in forma pauperis, he removed the action to this court and then
9  filed a motion to dismiss and to compel arbitration.  (*Id.*; Dkt. # 8.)  Shortly thereafter,
10 Michi PIX filed a motion to remand the case.  (*See* Mot.)  In addition, Mr. Robinson, also
11 appearing pro se, filed two "Declarations in Opposition" testifying that he does not
12 consent to removal of the case to federal court.  (*See* 1st Robinson Decl. (Dkt. # 11) ¶ 5;
13 2d Robinson Decl. (Dkt. # 17) ¶ 2.)
14       On July 16, 2014, in an attempt to rectify deficiencies identified by Michi PIX's
15 motion to remand, Mr. Alper filed an "Amended Notice of Removal of Action," in which
16 he purported to "hereby amend[] the removal of action pursuant to 28 U.S.C. 138 &
17 U.S.C. 144(b) which allows allows [sic] copyright cases to be removed regardless of
18 citizenship and all defendant's approval."  (Mot. to Am. (Dkt. # 10).)  On July 21, 2014,
19 Mr. Alper filed a "Notice of Correction" clarifying that his Amended Notice of Removal
20 actually alleges that Mr. Alper and Mr. Robinson are citizens—not just residents—of
21 California.  (Not. (Dkt. # 12).)
22

## III. ANALYSIS

The court finds that Michi PIX's motion for remand is dispositive of the issues raised by the parties' submissions to the court.

**A.     Removal Procedure**

In general, a defendant may remove to federal court any state action over which a district court would have original jurisdiction. *See* 28 U.S.C. § 1441; *Ansley v. Ameriquest Mortgage Co.*, 340 F.3d 858, 861 (9th Cir. 2003). If the case involves multiple defendants, all defendants must join in or consent to removal of the action. 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."); *see also Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) ("All defendants who have been properly served in the action must join a petition for removal.") (internal punctuation omitted); *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1224 (9th Cir. 2009). This rule is equally applicable to interpleader actions. *See First Am. Title Co. v. Pathak*, No. C 13-3947 SI, 2013 WL 6172741, at *3 (N.D. Cal. Nov. 25, 2013) (finding that removal was procedurally defective because one of the interpleader defendants did not consent); *Adell v. Ilunga*, No. CV 13-04103 DDP AJWX, 2013 WL 4016345, at *2 (C.D. Cal. Aug. 6, 2013) (same).

One exception to this "rule of unanimity" is that the rule does not apply to fraudulently joined or nominal defendants. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). A defendant is fraudulently joined "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according

to the settled rules of the state." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1319 (9th Cir. 1998). Fraudulent joinder must be proven by clear and convincing evidence. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). The party charging fraudulent joinder bears the "heavy burden" of showing that the complaint "obviously fails" to state a claim. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009). All disputed facts and ambiguities must be resolved in favor of the plaintiff. *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998); *Stanbrough v. Georgia-Pac. Gypsum LLC*, No. CV 08-08303GAF(AJWX), 2009 WL 137036, at *1 (C.D. Cal. Jan. 20, 2009). Because the court must construe the removal statute strictly against removal jurisdiction, jurisdiction will be rejected if there is any doubt as to the right of removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Here, Mr. Alper's co-defendant, Mr. Robinson, did not join in Mr. Alper's notice of removal. (*See* Not. of Rem.) Moreover, Mr. Robinson has unambiguously testified that he does not consent to removal of this action to federal court.[1] (*See* 1st Robinson Decl. ¶ 5 ("I, Timothy Robinson, OPPOSE any change of venue to the Federal Court."); 2d Robinson Decl. ¶ 2 ("I OPPOSE any action to move the jurisdiction of this matter from the Superior Court to the State of Washington.")) As such, Mr. Alper's attempt to remove the action is procedurally improper.

---

[1] Because Mr. Robinson is a pro se litigant, the court liberally construes his "Declarations in Opposition" as a motion joining Michi PIX's motion to remand. *See Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions[.]")

ORDER- 5

Mr. Alper argues that Mr. Robinson's lack of consent may be disregarded because Mr. Robinson is fraudulently joined in this action. (Resp. (Dkt. # 15).) Mr. Alper, however, fails to show by clear and convincing evidence that Michi PIX's interpleader claim against Mr. Robinson "obviously fails" as a matter of state law. *See Hamilton Materials*, 494 F.3d at 1206; *Hunter*, 582 F.3d at 1044. To the contrary, Michi PIX has adequately pleaded all of the elements required by Washington's interpleader statute. (*Compare* RCW 4.08.160[2] *with* Compl. (alleging that Mr. Robinson and Mr. Alper both claim ownership of certain property in Michi PIX's possession).) Mr. Alper asserts that Mr. Robinson does not have a valid interest in the film drives, but he puts forth no evidence supporting his assertion. (*See* Resp. at 4.) Even if the court were to credit Mr. Alper's assertion, it would only create an issue of fact, and, at this stage, all questions of fact are to be resolved in favor of Michi PIX. *See Good*, 5 F. Supp. 2d at 807; *Stanbrough*, 2009 WL 137036, at *1. As such, Mr. Alper has not carried his "heavy burden" to show that Mr. Robinson is fraudulently joined. *See Simpson v. Union Pac. R. Co.*, 282 F. Supp. 2d 1151, 1156 (N.D. Cal. 2003) (finding no fraudulent joinder and noting the unlikelihood that the plaintiff colluded ex ante with the non-consenting defendant to affect the forum). Because the defendant Mr. Robinson does not consent to removal, this case must be remanded to state court. *See* 28 U.S.C. § 1446(b)(2)(A).

---

[2] RCW 4.08.160 provides in full: "Anyone having in his or her possession, or under his or her control, any property or money, or being indebted, where more than one person claims to be the owner of, entitled to, interested in, or to have a lien on, such property, money, or indebtedness, or any part thereof, may commence an action in the superior court against all or any of such persons, and have their rights, claims, interest, or liens adjudged, determined, and adjusted in such action."

### B. Motion to Amend

Mr. Alper maintains that compliance with the procedural requirements of the removal statute 28 U.S.C. § 1446 is unnecessary because 28 U.S.C. § 1338 grants federal district courts exclusive jurisdiction over claims arising from the Copyright Act. (*See* Resp. at 6; Mot. to Am. at 1.) This theory fails for several reasons.

First, Mr. Alper's notice of removal relies solely on diversity jurisdiction under 28 U.S.C. § 1332 as the basis for federal jurisdiction. (Not. of Rem. at 2.) Because Mr. Alper is a pro se litigant, the court liberally construes his "Amended Notice of Removal" and "Notice of Correction" together as a motion to amend his notice of removal to include copyright jurisdiction under 28 U.S.C. § 1338. *See Bernhardt*, 339 F.3d at 925. A defendant seeking to remove a case to federal court must file a notice of removal within thirty days of being served with the state complaint. *See* 28 U.S.C. § 1446(b)(1). Although amendment of a notice of removal is permitted in some circumstances, the Ninth Circuit has made clear that a notice of removal "cannot be amended to add a separate basis for removal jurisdiction after the thirty day period." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1117 (9th Cir. 2000) (quoting *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1381 (9th Cir. 1988)); *see also Prize Frize Inc. v. Matrix Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999).

Here, Mr. Alper was served with the complaint on May 22, 2014. (*See* Not. of Rem.) His motion to amend was filed, at the earliest, on July 16, 2014. (*See* Mot. to Am.) Therefore, to the extent Mr. Alper's motion to amend seeks to add a ground for

jurisdiction under 28 U.S.C. § 1338, it is untimely and must be denied. *See ARCO Envtl. Remediation*, 213 F.3d at 1117.

Second, even if amendment were permissible, this court does not, in fact, have copyright jurisdiction over Michi PIX's complaint. Mr. Alper argues that copyright jurisdiction is appropriate because the complaint he filed in the now-stayed California action alleges that he "has been deprived of the right to release and distribute [the] film since March 2013," and, under the Copyright Act, a copyright owner such as himself has the exclusive right to "distribute copies . . . of the copyrighted work to the public," 17 U.S.C. § 106(3). (*See* Resp. at 6.) The test for copyright jurisdiction, however, "is essentially a reiteration of the 'well-pleaded complaint' rule that federal jurisdiction exists only when a federal question is presented on the face of a properly pleaded complaint." *JustMed, Inc. v. Byce*, 600 F.3d 1118, 1124 (9th Cir. 2010). As such, the existence of copyright jurisdiction in this action turns on the allegations in Michi PIX's complaint—not Mr. Alper's complaint from a previous lawsuit.

Federal district courts have "original jurisdiction over any civil action arising under any Act of Congress relating to . . . copyrights." 28 U.S.C. § 1338. A civil action "arises under" the Copyright Act if: "(1) the complaint asks for a remedy expressly granted by the Copyright Act; (2) the complaint requires an interpretation of the Copyright Act; or (3) federal principles should control the claims." *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 986 (9th Cir. 2003). Regarding the first two prongs, Michi PIX's complaint does not ask for a remedy expressly granted by the Copyright Act or require an interpretation of the Copyright Act—rather, the complaint

ORDER- 8

merely requests a determination of (1) who is liable for the payments due under Michi PIX's contract with Scrappy Dog and (2) who owns the film disks. (*See generally* Compl.)  These questions appear to be purely questions of state contract and partnership law.  Federal courts "have consistently dismissed complaints in copyright cases presenting only questions of contract law" for lack of federal subject matter jurisdiction. *Scholastic*, 336 F.3d at 986 (upholding dismissal of a contract dispute over a copyright license); *see also Segundo Suenos, LLC v. Jones*, 494 F. App'x 732, 734 (9th Cir. 2012). Moreover, to the extent the parties dispute ownership of the film's copyright—as opposed to merely possession of the hard copy disks on which the film is stored—claims relating solely to the ownership of a given copyright are also considered matters of state law.  *See Segundo Suenos*, 494 F. App'x at 734; *Scholastic*, 336 F.3d at 986.

      As to the third prong, the court is unaware of any "distinctive policy of the [Copyright] Act [that] requires that federal principles control the disposition of the claim." *Scholastic*, 336 F.3d at 986 (quoting *T.B. Harms Co. v. Eliscu*, 339 F.2d 823 (2d Cir. 1964)).  This dispute's alleged interference with Mr. Alper's wish to distribute the film is at best a tangential involvement with copyright law, and as such does not mandate federal jurisdiction.  *See Simon & Flynn, Inc. v. Time Inc.*, 513 F.2d 832, 834 (2d Cir. 1975) ("The general interest that copyrights, like all other forms of property, should be enjoyed by their true owner is not enough to meet this [third prong].")  Because copyright jurisdiction does not appear on the face of Michi PIX's complaint, remand is appropriate.

      Finally, even if amendment were permissible and exclusive copyright jurisdiction appeared on the face of Michi PIX's complaint, Mr. Alper has cited no case law

supporting his contention that the procedural requirements of removal are waived in cases of exclusive federal jurisdiction. To the contrary, courts "strictly construe the removal statute against removal jurisdiction." *Gaus*, 980 F.2d at 566. Consequently, courts have consistently rejected the argument that a removing defendant does not have to comply with the rule of unanimity simply because exclusive federal jurisdiction exists. *See, e.g.*, *Malone v. Malone*, No. CIV 06-1629-AS, 2007 WL 789449, at *4 (D. Or. Mar. 13, 2007) (finding that exclusive federal jurisdiction did not erase the requirement that all defendants must join in the notice of removal).[3] For this reason also, remand is appropriate.

## C. Fees

Michi PIX requests an award of the costs and attorney's fees that it incurred as a result of Mr. Alper's removal. (Mot. at 5-6.) "An order remanding a removed case to state court 'may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.'" *Martin*, 546 U.S. at 134 (quoting 28 U.S.C. § 1447(c)). The Supreme Court has clarified that, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively

---

[3] *See also Harbour Light Towers Ass'n, Inc. v. Ameriflood, LLC*, No. 8:10-CV-2183-T33EAJ, 2011 WL 2517222, at *6 (M.D. Fla. June 23, 2011) (finding that "although there is exclusive federal jurisdiction over [the claim], removal was defective under the rule of unanimity and remand is proper"); *Bradwell v. Silk Greenhouse, Inc.*, 828 F. Supp. 940, 944 (M.D. Fla. 1993) ("[R]emoval is permitted only if the statutory requirements have been satisfied and the fact that the Court might have exclusive jurisdiction does not dispense with the necessity of complying with the statutory requirements."); *Brady v. Lovelace Health Plan*, 504 F. Supp. 2d 1170, 1173 (D.N.M. 2007) ("28 U.S.C. § 1446 does not waive the unanimity requirement in cases of purported exclusive jurisdiction."); *see also In re Asbestos Prods. Liab. Litig. (No. VI)*, No. 2:09-CV-60001, 2009 WL 8520132, at *1 n.1 (E.D. Pa. Apr. 24, 2009) (remanding for failure to adhere to rule of unanimity even though there was exclusive federal jurisdiction over the claim); *McCain v. Cahoj*, 794 F. Supp. 1061, 1062 (D. Kan. 1992) (same).

reasonable basis for removal." *Id.* at 141. "[W]hen an objectively reasonable basis exists, fees should be denied." *Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007). "In determining whether to award attorneys' fees in cases involving improper removal by a pro se defendant, courts accord significant weight to the defendant's lack of representation." *Wells Fargo Bank, NA v. Hunt*, No. C-10-04965 JCS, 2011 WL 445801, at *5 (N.D. Cal. Feb. 3, 2011) (collecting cases and declining to award fees against pro se defendant who acted in good faith).[4]

Here, although it may have been apparent to an attorney that removal was procedurally improper, Mr. Alper does not have the benefit of counsel, he made an earnest effort to identify and apply the relevant statutes and case law in his submissions to the court, and there is no suggestion that he initiated removal for a bad faith purpose. For these reasons, the court declines to award fees against Mr. Alper. *See Wells Fargo*, 2011 WL 445801, at *5.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiff's motion to remand (Dkt. # 9). The court ORDERS that:

---

[4] *See, e.g.*, *OneWest Bank, FSB v. Mohr*, No. C 10-00639 SBA, 2010 WL 2721437, at *3 (N.D. Cal. July 7, 2010) (declining to award fees because, although it would have been apparent to an attorney that removal lacked merit, the defendants did not have the benefit of legal counsel); *Szanto v. Szanto Revocable Trust of 1991*, No. C 10-1364 RS, 2010 WL 2280356, at *2 (N.D. Cal. June 7, 2010) (declining to award fees because pro se litigant's "lack of understanding as to the specialized procedural hurdles involved in removal jurisdiction is understandable"); *Citibank N.A. v. Ortiz*, No. 08CV1301-LAB (RBB), 2008 WL 4771932, at *2 (S.D. Cal. Oct. 28, 2008) (declining to award fees "in consideration of [Defendant's] pro se status").

1. Pursuant to 28 U.S.C. §§ 1447(c) and 1447(d), all further proceedings in this case are REMANDED to the Superior Court for King County in the state of Washington,

2. The Clerk of the Court shall send copies of this order to all counsel of record for all parties,

3. Pursuant to 28 U.S.C. § 1447(c), the Clerk of the Court shall mail a certified copy of the order of remand to the Clerk of the Court for the Superior Court for King County, Washington,

4. The Clerk of the Court shall also transmit the record herein to the Clerk of the Court for the Superior Court for King County, Washington,

5. The parties shall file nothing further in this matter, and instead are instructed to seek any further relief to which they believe they are entitled from the courts of the state of Washington, as may be appropriate in due course, and

6. The Clerk of the Court shall CLOSE this case and STRIKE all remaining motions as moot (Dkt. ## 8, 10, 12).

Dated this 12th day of August, 2014.

JAMES L. ROBART
United States District Judge

ORDER- 12